UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-CV-61509-WPD/SNOW

ANGEL BAKOV and KINAYA HEWLETT,

    Plaintiffs,

v.

CONSOLIDATED TRAVEL HOLDINGS
GROUP, INC., *et al.*,

    Defendants.
_____/

## **OMNIBUS ORDER ON MOTIONS TO DISMISS**

THIS MATTER comes before the Court on Defendants Consolidated Travel Holdings Group and Daniel Lambert's Motion to Dismiss [DE 19], Defendants James Verrillo, Jennifer Poole, and Donna Higgin's Motion to Quash Service and Dismiss First Amended Class Action Complaint [DE 35], and Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority [DE 41]. The Court has considered the Motions [DE 19, 35, 41], Plaintiff's Response [DE 23, 42, 45], and Defendant's Reply [DE 33, 46, 47] and is otherwise fully advised in the premises.

### I.    BACKGROUND

This case is a follow on of a case filed in the Northern District of Illinois in 2015. *See* Am. Compl. [DE 17] ("AC") ¶ 54. In *Bakov, et al. v. Consolidated World Travel*, No. 1:15-cv-02980 (N.D. Ill.) ("*Bakov I*"). Plaintiff Bakov brought a single claim for violations of the Telephone Consumer Protection Act ("TCPA") against Consolidated World Travel, Inc. as well as Consolidated Travel Holdings Group, Inc. ("CTHG"), James Verrillo, Daniel Lambert, and

Donna Higgins. *See Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 15 C 2980, 2016 WL 4146471 (N.D. Ill. Aug. 4, 2016). In August 2016, the court in *Bakov I* dismissed all defendants except for Consolidated World Travel, Inc for lack of personal jurisdiction. *See id.* In 2017, Plaintiff Hewlett's case was consolidated with Plaintiff Bakov's case in Illinois. *See Bakov, et al. v. Consolidated World Travel*, No. 1:15-cv-02980 (N.D. Ill.), [DE 96].[1]

In the present case, *Bakov II*, Plaintiffs Bakov and Hewlett bring the same claim against the Defendants that were previously dismissed from *Bakov I*.[2] AC ¶¶ 57, 58. The claim arises from Consolidated World Travel, Inc.'s promotion of a "free cruise" product. AC ¶¶ 61-63. Based on the Amended Complaint, Consolidated World Travel, Inc. worked with Virtual Voice Technologies Pvt. Ltd. to place calls to Plaintiffs and proposed class members which were in violation of the TCPA. AC ¶ 63. Plaintiffs bring their claim against CTHG based on a theory that CTHG is the alter ego of Consolidated World Travel, Inc. AC ¶¶ 78-80. Plaintiffs' claims against the remaining individual Defendants are based on the individual's employment with or control over Consolidated World Travel, Inc. AC ¶¶ 22-41.

## II.   MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S.

---

[1] The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent. *McDowell Bey v. Vega*, 588 F. App'x 923, 926–27 (11th Cir. 2014) (finding that district court properly took judicial notice of entries appearing on state court's docket sheet).
[2] Defendants The Marketing Source, Inc., Vance L. Vogel, Sun Bridge Systems, LLC, and Clifford Albright were not part of *Bakov I. See* AC ¶ 59. These Defendants were previously dismissed from the present case. [DE 44].

at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, "[m]ere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

### III. DISCUSSION

#### A. *Motion to Strike*

Defendants CTHG and Danial Lambert move to strike Plaintiffs' Notice of Supplemental Authority. [DE 41]. Plaintiffs' Notice of Submission of Supplemental Authority in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss (the "Notice") brings to the Court's attention the decision issued by the Court in *Bakov I*, granting summary judgment for Plaintiffs against Consolidated World Travel, Inc. [DE 39]. Defendant argues that the Notice should be stricken because the summary judgment ruling in *Bakov I* does not bear on any question before the Court, the Notice constitutes impermissible arguments, and the Notice only serves to prejudice the Court against Defendants. Plaintiff's argue that *res judicata* should apply here to prevent Defendants from challenging the findings of the court in *Bakov I*.

Both Parties concede that the claim in *Bakov I* and the present case arise from the same transaction or series of transactions, and, based on the allegations in the Amended Complaint, the Defendant in *Bakov I* and the *Defendants* in the present case are in privity. For these reasons the summary judgment issued by the court in *Bakov I* has at least some possible relation to the case

at hand. Further, the Court is not persuaded that the Notice contains any substantial legal argument, nor that Defendants will be impermissibly prejudiced by the notice.

For these reasons the Court will deny the Motion to Strike.

### B. Motions to Dismiss

Defendants CTHG and Daniel Lambert and Defendants James Verrillo, Jennifer Poole, and Donna Higgins state substantially similar grounds for dismissal in their separate motions to dismiss.[3] As such the Court will address the motions together. Defendants argue that Plaintiffs do not have standing to assert their TCPA claims, that Plaintiffs' claims are barred by the claim-splitting doctrine, and that Plaintiffs fail to allege facts sufficient to state a plausible basis for liability against any of the Defendants. The Court agrees that Plaintiffs claims are barred by the claim-splitting doctrine; therefore, it need not reach Defendants' other arguments.

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine 'the efficient and comprehensive disposition of cases.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)) (internal quotations omitted). "Claim-splitting has been analyzed as an aspect of *res judicata* or claim preclusion." *Id.*

The two-factor test for determining whether a claim is barred by the claim-splitting doctrine asks "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Vanover*, 857 F.3d at

---

[3] Defendants Verrillo, Poole, and Higgins additionally move to quash service; however, Plaintiffs subsequently served Defedants Verrillo, Poole, Higgins via personal service. As such Defendant Verrillo, Poole, and Higgins' motion to quash is moot.

841–42 (quoting *Khan v. H & R Block E. Enters., Inc.*, No. 11-20335-Civ, 2011 WL 3269440, at *6 (S.D. Fla. July 29, 2011)). It is clear that the second prong of the test is met here. Both parties acknowledge that this case arises from the same transaction or series of transactions as *Bakov I*. *See e.g.* Pls. Resp in Opp'n [DE 23] 1 ("Plaintiffs instituted this action based on the same claims as the Illinois action against these Defendants."). As to whether the Defendants in the present case are in privy with the Defendant in *Bakov I*, Defendants all argue that based on the Amended Complaint's allegations, Defendants in the present case are in privity with the Defendant in *Bakov I*. Defs. Mtn [DE 19] 9, Defs. Mtn. [DE 35] 11. Plaintiffs do not challenge the assertion that Defendants are in privity with the Defendant in *Bakov I*. Further, Plaintiffs, in their Opposition to Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority, contend that the doctrine of *res judicata* should apply in the present case. Pls. Resp. Opp'n [DE 45] 3.

Plaintiffs' primary argument against the application of the claim-splitting doctrine is that the court in *Bakov I* dismissed the Defendants in the present case for a lack of personal jurisdiction. Plaintiffs cite to the Eleventh Circuit's analysis in *Rumbough v. Comenity Capital Bank*. In *Rumbough*, the Eleventh Circuit held that the claim-splitting doctrine did not preclude a second suit against a defendant that was never properly served in the first suit. *See* 748 F. App'x 253, 256 (11th Cir. 2018). There the Eleventh Circuit stated that "[b]ecause [the defendant] was never properly served, the *Rumbough I* court never had jurisdiction over it… Absent jurisdiction, our claim-splitting rule does not preclude [plaintiff's] second suit against [defendant]." *Id. Rumbough*, however, is distinguishable from the present case. In *Rumbough*, it was clear the first court had not exercised jurisdiction over the defendant or any of its privies. *Id.* In the present case, Plaintiffs' concede that the Defendants before this Court are in privity with Consolidated

World Travel, Inc., the remaining defendant in *Bakov I* against whom the Illinois court exercised jurisdiction and entered a judgment.

In addition to the actual parties of the original action, *res judicata* applies to the parties who are in privity with the original parties. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) "Privity is defined as a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). "Privity exists where the nonparty's interests were represented adequately by the party in the original suit" or where "a party to the original suit is so closely aligned to a nonparty's interest as to be his virtual representative." *Id.* at 1560–61 (internal quotations and citations omitted). As noted above, no party to the present litigation contends that the Defendants in the present case and in *Bakov I* would not be considered in privity based on the facts in alleged in the Amended Complaint. *See Bowman v. Coddington*, 517 Fed.Appx. 683, 685 (11th Cir. 2013) (looking to a plaintiff's own arguments that the relevant defendants were the same entity). Further, the Court finds that Plaintiff's allegations demonstrate that the Defendants in the present case are in privity with Consolidated World Travel, Inc., the Defendant in *Bakov I*. The Amended Complaint specifically alleges that CTHG is an alter ego of Consolidated World Travel, Inc, AC ¶¶ 78-80, and that the remaining "Defendants each own or control Consolidated [World] Travel[, Inc]or were employed by Consolidated Travel during the relevant time period", AC ¶ 58. These allegations demonstrate that the interests of Consolidated World Travel, Inc., the Defendant in *Bakov I*, are aligned with the interests of the Defendants remaining in the present case such that it could be considered their virtual representative.

In order to permit this case to move forward the Court would have to find that the Defendants are not in privity with Consolidated World Travel, Inc. for purposes of claim-splitting but that Plaintiff has sufficiently alleged that CTHG is an alter ego of Consolidated World Travel, Inc. and that the individual Defendants each own, control, or were employed by Consolidated World Travel, Inc. such that they would be liable for the Consolidated World Travel, Inc.'s violations of the TCPA. [4] Such a combination of findings would be inherently contradictory. Other courts have similarly held that a party could not argue an alter ego or vicarious theory of liability while maintaining, for purposes of *res judicata*, that the relevant entities were not in privity with one another. *See, e.g. Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir. 1995) ("The product liability claim against Volkswagen AG was previously asserted against Audi NSU, the difference being that plaintiffs now allege that Volkswagen AG had a controlling relationship with Audi NSU and is therefore responsible for the torts of its subsidiary. If true, however, this "near alter ego" relationship would be sufficient to establish "privity" between the two corporations such that Volkswagen AG is entitled to assert the previous judgment as a bar to the claim now asserted."); *United States v. Avatar Holdings, Inc.*, No. 93-281-CIV-FTM-21, 1995 WL 871260, at *21 (M.D. Fla. Nov. 22, 1995), *decision clarified* (Dec. 21, 1995), *order clarified*, No. 93-281-CIV-FTM-21, 1996 WL 580427 (M.D. Fla. Aug. 16, 1996) ("The Court therefore agrees with Avatar Holdings' position that Plaintiff may not now be permitted to argue that Avatar Holdings is liable for the actions of its subsidiary

---

[4] "[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." *Physicians Healthsource, Inc. v. A-S Medication Sols. LLC*, 324 F. Supp. 3d 973, 983 (N.D. Ill. 2018), *aff'd,* 950 F.3d 959 (7th Cir. 2020) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F.Supp.2d 892, 898 (W.D. Tex. 2001)); *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885, at *4 (S.D. Fla. Mar. 27, 2013).

under a theory of parent control of its subsidiary and, at the same time, assert that although it is a parent corporation, it is not in privity with the subsidiary for the purpose of res judicata.").

### IV. CONCLUSION

For the reasons set forth above it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Strike Plaintiffs' Notice of Supplemental Authority [DE 41] if **DENIED**.
2. Defendants Consolidated Travel Holdings Group and Daniel Lambert's Motion to Dismiss [DE 19] is hereby **GRANTED**.
3. Defendants James Verrillo, Jennifer Poole, and Donna Higgin's Motion to Quash Service and Dismiss First Amended Class Action Complaint [DE 35] is hereby **GRANTED in part** as to Defendants Motion to Dismiss.
4. Plaintiffs' First Amended Complaint is hereby **DISMISSED**.
5. Defendants' Motion to Stay Discovery [DE 67] is **DENIED as moot**.
6. Defendants' Motion to Stay All Proceedings [DE 68] is **DENIED as moot**.
7. The Clerk is Directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 9th day of April, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All counsel of record